**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Najm Al Den Ameen, | No. CV 08-1278-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| McKay; Baker, | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for appointment of counsel. Defendants do not oppose the request. As a preliminary matter, this Court finds the motion to be timely. Next, the Court will consider the merits of the request.

> The district court may appoint pro bono counsel for an indigent *pro se* litigant in a civil [case] pursuant to 28 U.S.C. § 1915(e)(1) in cases presenting exceptional circumstances. *See United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981). "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges),* 32 F.3d 1360, 1363 (9th Cir.1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court,* 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 569 (9th Cir.1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991); *Burns v. County of King,* 883 F.2d 819, 823 (9th Cir.1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986)).

*Rayford v. Giurbino*, 2008 WL 4997607 (S.D. Cal. 2008).

First, the Court must consider Plaintiff's likelihood of success on the merits. The Court has found that some of Plaintiff's claims have sufficient merit to survive summary judgment. Surviving summary judgment indicates that Plaintiff's claims have more merit that many prisoner civil rights cases that come before the Court. Thus, the Court finds that at this stage of the litigation, Plaintiff has some likelihood of success on the claims proceeding to trial.

Second, the Court must consider the complexity of the legal issues involved and Plaintiff's ability to articulate his claims pro se. Plaintiff argues a variety of reasons he should be appointed counsel. Doc. #82. Many of Plaintiff's facts supporting the need for counsel, for example that he has no legal education or that the prison library has limitations, are not unlike the situation facing all inmates. Thus, these facts are not "exceptional."

Plaintiff also points out that this case will be trial and that he does not know how to conduct a trial. The Court agrees that trial does present additional complexities beyond discovery and motion practice. However, upon the Court's review of the record, it appears Plaintiff has been able to competently articulate his claims pro se to this point, so he may be able to do so at trial as well.

Thus, the Court must decide whether the trial complexities that will be present in this case are exceptional; such that they warrant the Court attempting to locate pro bono counsel. Given Plaintiff's specific concerns about trial practice, the Court finds that the trial complexities are sufficiently "exceptional" to justify the appointment of counsel. However, if the Court is unable to locate counsel to take Plaintiff's case pro bono, Plaintiff will be required to proceed pro se, as the Court will not appoint counsel at the government's expense. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (holding there is no right to appointment of counsel at government expense in a civil rights litigation).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (Doc. #82) is granted. The Court will issue a further order as soon as the Court is able to ascertain whether

pro bono counsel is available. The Court will also proceed with setting the final pretrial conference. Because the Court does not know whether counsel will be available, the parties must prepare for trial assuming the Court will be unable to locate counsel.

DATED this 29th day of April, 2010.

James A. Teilborg
United States District Judge